# ORIGINAL

iManage:782355.5

FILED IN THE
UNITED STATES DISTRICT COURT
OF HAWAII

NOV 09 2012

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

CADES SCHUTTE
A Limited Liability Law Partnership

MILTON M. YASUNAGA        3058-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone:  (808) 544-3833
Facsimile:  (808) 521-9210
Email: myasunaga@cades.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRADE WEST, INC., a Hawaii corporation, <br><br>         Plaintiff, <br><br>    v. <br><br> DOLLAR TREE, INC., AND GREENBRIER INTERNATIONAL, INC., <br><br>         Defendants. | CIVIL NO. CV12 00606 ACK BMK <br><br> COMPLAINT; DEMAND FOR JURY TRIAL; EXHIBITS A – L; SUMMONS |

## COMPLAINT

Comes now Plaintiff, TRADE WEST, INC., ("Trade West"), and for

its causes of action alleges as follows:

PARTIES

1.      Trade West is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of Hawaii, having its principal place of business in the City and County of Honolulu, State of Hawaii.

2.      Upon information and belief, Defendant Dollar Tree, Inc., (Dollar Tree or Defendant) is, and at all times relevant herein was, a corporation headquartered at 500 Volvo Parkway, Chesapeake, Virginia, 23320, and doing business in the State of Hawaii.

3.      Upon information and belief, Defendant Greenbrier International, Inc., (Greenbrier or Defendant) is, and at all times relevant herein was, a corporation headquartered at 500 Volvo Parkway, Chesapeake, Virginia, 23320, and doing business in the State of Hawaii.

4.      Defendant Dollar Tree has maintained a website from which people in Hawaii, as well as elsewhere, can purchase its products, including those it obtains from its affiliate Greenbrier.  The Greenbrier products are also sold through Dollar Tree physical stores.

5.      Defendants' website contains photographs of, and offers to sell, artificial flower leis that are alleged in this complaint to be counterfeits of Trade West's trademark rights and to infringe Trade West's trademark and copyright rights.

6.     Among the artificial flower leis shown and offered in Defendants' website are those identified by Defendants' with the item SKU # 865102.

## JURISDICTION AND VENUE

7.     This is an action arising under the trademark and copyright laws of the United States, 15 U.S.C. § 1111 et seq. and 17 U.S.C. § 101 et seq. Jurisdiction over this Complaint is conferred upon this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1367, and the Court's general pendent jurisdiction.  Nationwide injunctive relief is authorized by 15 U.S.C. § 1116(a) and 17 U.S.C. § 502(a).  Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400 because Defendant resides in this judicial district in that it is a corporation and is subject to personal jurisdiction here, a substantial part of the events giving rise to these claims occurred in this district, or a substantial part of the property that is the subject matter of the action is situated in this district.  The Court has personal jurisdiction over Defendant because Defendant maintains continuous and systematic commercial contacts with the State of Hawaii and has purposefully availed itself of the opportunity to conduct commercial activities in this forum and this Complaint arises out of those activities.

## STATEMENT OF FACTS

8.     Trade West is the owner of the three dimensional HIBISCUS

AND FERN DESIGN trademark ("Trade West Mark") registered in the United States Patent and Trademark Office, and the copyrights in and to certain designs for artificial flower leis, artificial flowers, and artificial flower hair clips registered in the Copyright Office of the United States of America ("Copyrighted Designs").

9.  Plaintiff Trade West is the largest supplier of artificial flower leis in Hawaii, and has been engaged in that business for about the last 40 years.

10.  Since prior to the acts of the Defendants complained of herein, Trade West has been engaged in the creation, production, marketing and sale of artificial flower leis throughout the United States and abroad, and therefore Defendants have had access to the Copyrighted Designs and notice of the Trade West Mark and the vast goodwill represented and symbolized by the Trade West Mark.  Plaintiff's leis of the particular Copyrighted Design that Defendants infringed were for years widely available in over 1200 retail stores of, e.g., Party City, Party American, and Factory Card and Party Outlet across the United States, and each of those leis came with a copyright notice and a trademark notice, so Defendants had access to that design and trademark and had notice of Plaintiff's copyright and trademark rights.

11.  Trade West is the owner of the following United States trademark registration for the Trade West Mark, which registration is valid and subsisting:

REGISTRATION NO.:  2,479,246
REGISTRATION DATE:  August 21, 2001
GOODS:  Artificial flower leis

A true and correct copy of this registration is attached as Exhibit A.

12.     The Trade West Mark is a three dimensional artificial hibiscus and a three dimensional artificial fern, which is attached to many of Trade West's leis.  Hibiscus is not normally used in real leis because it is too fragile.  Attached as Exhibit B is a photocopy of a photograph of Trade West's artificial leis bearing the Trade West Mark.

13.     Since prior to the acts of the Defendants complained of herein, Trade West adopted and began using in the State of Hawaii, the United States and elsewhere, the distinctive Trade West Mark in connection with its artificial flower leis.

14.     The labels attached to Trade West's leis state "Hibiscus with Fern and ALOHA HAWAII LEI are registered trade marks of Trade West, Inc."

15.     Exhibit C is a photocopy of the labels attached to Trade West's leis (enlarged for the Court's convenience).

16.     Trade West also uses and has used advertising and sales materials containing photographs of its goods bearing the Trade West Mark.

17.     For example, Trade West's catalogues state "Hibiscus with Fern and ALOHA HAWAII LEI are registered trademarks of Trade West, Inc."

and "Be sure to look for our Hibiscus and Fern Leaf trademark to ensure you are getting the authenticity and high quality of an Aloha Hawaii Lei ® branded product."

18.    Exhibit D consists of pages from Trade West's Aloha Hawaii Lei catalogue containing the statements "Hibiscus with Fern and ALOHA HAWAII LEI are registered trademarks of Trade West, Inc." and "Be sure to look for our Hibiscus and Fern Leaf trademark to ensure you are getting the authenticity and high quality of an Aloha Hawaii Lei ® branded product."

19.    Trade West's website contains the statements "Look for the Hibiscus flower with the fern" (at the very top of pages of the website) and "Girl with Leis photo (Susan Hullerman), and the Hibiscus with Fern logo are registered trademarks of Trade West, Inc."

20.    Exhibit E is a copy of a web site page bearing the statements "Look for the Hibiscus flower with the fern" and "Girl with Leis photo (Susan Hullerman), and the Hibiscus with Fern logo are registered trademarks of Trade West, Inc."

21.    Trade West has continuously used the Trade West Mark in connection with the production, marketing and sale of artificial flower leis, applying the Trade West Mark to the leis, and thereby distinguishing its goods from those marketed and sold by others.

22.     Trade West has extensively promoted and advertised its artificial leis and has spent thousands of dollars in such promotional efforts, and therefore sales of Trade West's goods bearing the Trade West Mark have been substantial, amounting to millions of dollars each year.

23.     Through Trade West's vigorous marketing efforts over many years, there is a great demand for its artificial flower leis, and Trade West's goods are sold at many places in Hawaii, the Mainland, Japan, and other countries, at stores such as ABC Stores, Longs Drugs, Food Pantry/Foodland, Hilo Hattie's, Military Exchanges, Kmart and Wal-Mart.  In addition, Trade West markets its leis though U.S. distributors Tropical Sun and Amscan, but also through distributors worldwide in Japan, Australia, Pacific Islands, U.K., E.U., Brazil, and other countries.

24.     As a result of Trade West's extensive marketing and sale of goods bearing the Trade West Mark, the Trade West Mark has become recognized and relied upon by the trade and purchasing public in the United States, including Hawaii, as identifying Trade West's goods, and the Trade West Mark has acquired a valuable business reputation and good will.

25.     On information and belief, Defendant is and has been well aware of the vast goodwill represented and symbolized by the Trade West Mark and that the purchasing public recognizes and relies on the Trade West Mark as

identifying the goods of Trade West, distinguishing their goods from the goods of others.

26. On information and belief, notwithstanding the long use and the exceedingly valuable goodwill and reputation associated with the Trade West Mark, and notwithstanding Defendants' knowledge thereof, and, indeed, by reason of such knowledge, Defendants are using in United States commerce, including within this judicial district, the Trade West Mark in connection with artificial leis. Such use by Defendants of the Trade West Mark includes Defendants' depicting and offering for sale in its sales website and stores such leis bearing the Trade West Mark.

27. Attached as Exhibits F are photographs from Defendants' website showing Defendants' artificial leis bearing Trade West's HIBISCUS AND FERN DESIGN mark. (Defendants' lei depicted in Exhibit F is identified by Defendants with the item number "865102".) Attached as Exhibits G, H, and I are photographs of Defendants' 865102 leis and a closeup of one lei and the backside of the label of that lei, indicating the number 865102 and naming Greenbrier International, Inc., as the importer.

28. Trade West has not authorized Defendants to use the Trade West Mark.

29. On information and belief, Defendants have, without the

consent of registrant Trade West,

(a)     used in commerce reproductions, counterfeits, copies, or colorable imitations of the Trade West Mark in connection with the sale, distribution, and/or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; and/or

(b)     reproduced, counterfeited, copied, or colorably imitated the Trade West Mark and applied such reproduction, counterfeit, copy or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

30.     On information and belief, Defendants' use of the Trade West Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Trade West, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Trade West.

31.     Upon information and belief, said acts have been committed by Defendants with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive, and/or with knowledge that confusion, mistake, or deception will likely result and has resulted as to whether

Trade West is the source, sponsor, operator, or licensor of Defendants' goods or business, or as to whether Trade West has approved of, or is connected or affiliated with, Defendants or its goods or business.

32. Defendants' actions have led customers and consumers to believe that Defendants' business or products are connected with, sponsored by, approved by, or affiliated with Trade West when in fact there is no connection between Defendants and Trade West or its distributors/partners.

33. Upon information and belief, Defendants are manufacturing and distributing copies of Trade West's Copyrighted Designs, including those registered in the Copyright Office of the United States of America under certificate of registration number VA 905-779. Exhibit J is a photograph of an example of a lei of Defendants (Defendants' item number 865102) that infringes Plaintiff's Copyrighted Design registered under certificate of registration number VA 905-779, and Exhibit K is a copy of Plaintiff's certificate of registration VA 905-779. Exhibit L is a side by side comparison of another example of a lei of Defendants (also labeled with Defendants' item number 865102) that infringes that Copyrighted Design covered by certificate of registration VA 905-779 and one of Plaintiff's leis of that Copyrighted Design – it should be noted this example of Defendants' infringement of the copyrighted design VA 905-779 also infringes Plaintiff's hibiscus and fern trademark, which appears in the top left of each of the

leis.

34.     The tags affixed to Trade West's leis, including but not limited to the Copyrighted Designs at issue in this action, provided copyright notices. For example, Exhibit C is a copy of a tag affixed to Trade West's leis, stating the following language "Lei Designs & Lei tags © 1978-2003. Any unauthorized copying, distribution or adaptation is strictly prohibited and will result in liability". (Earlier tags stated earlier dates.)

35.     Trade West's catalogues also state "Warning:  Product designs are protected in USA and worldwide by Copyright under Title 17, US Code and the Berne Convention.  Unauthorized publication is subject to civil and criminal prosecution and fines up to $150,000 per offense.  Product designs copyright Trade West, Inc. All rights reserved."  For example, see Exhibit D.

36.     Trade West's website also provides copyright warnings.  For example, see Exhibit E.

37.     Upon information and belief, Defendants have been distributing artificial flower leis and other products that constitute infringements of Trade West's Copyrighted Designs and that infringe on, or are counterfeits of, the Trade West Mark, in Hawaii and elsewhere in the United States.  Such infringing products of Defendants are depicted and have been offered for sale in Defendants' website aimed at purchasers in Hawaii and elsewhere.

38.    Upon information and belief, Defendants' conduct is intentional and deliberate or, in the alternative, fraudulent, malicious, willful, wanton, and deceptive.

## COUNT ONE
### (Trademark Infringement and Counterfeiting of HIBISCUS AND FERN DESIGN under 15 U.S.C. § 1114)

39.    Trade West re-alleges and incorporates by reference paragraphs 1 through 38 above as if fully set forth herein.

40.    Defendants' actions and conduct constitute infringement of a registered trademark under 15 U.S.C. § 1114.

41.    Defendants' actions and conduct constitute counterfeiting of a registered trademark under 15 U.S.C. § 1116(d).

42.    Defendants' activities constitute use in commerce of a colorable imitation and/or counterfeit of the federally registered HIBISCUS AND FERN DESIGN trademark which is likely to cause confusion or to cause mistake or to deceive.

43.    Defendants' actions and conduct have caused, and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Trade West, including but not limited to injury to goodwill and business reputation.  Defendants' actions and conduct have caused damage to Trade West and entitle Trade West to damages, statutory damages of up to $1,000,000 pursuant

to 15 U.S.C. § 1117(c), and treble damages and attorneys fees pursuant to 15

U.S.C. § 1117(b).

<u>COUNT TWO</u>
(Unfair Competition by False Designation of Origin by
Trademark and Trade Dress Infringement under 15 U.S.C. § 1125)

44.     Trade West re-alleges and incorporates by reference paragraphs

1 through 43 above as if fully set forth herein.

45.     Defendants' actions and conduct violate 15 U.S.C. § 1125(a) in

that Defendants have used in connection with goods and services a false

designation of origin and a false description or representation, including words or

other symbols tending falsely to describe or represent the same and has caused

such goods to enter into commerce.  Trade West believes that it has been, is and is

likely to be damaged by such false descriptions and representations because of the

likelihood that the public will be deceived as to the true source, sponsorship or

affiliation of Defendants' artificial leis.

46.     This conduct by Defendants have created and will create

confusion among members of the general public, and will cause irreparable and

immediate injury to Trade West for which Trade West has no adequate remedy at

law.

47.     By reason thereof, Trade West has sustained substantial monetary injuries, loss and damages, and will sustain further irreparable injury and damage if said wrongful acts are not enjoined or otherwise prevented.

## COUNT THREE
(Deceptive Trade Practices under Haw. Rev. Stat. § 481A-3)

48.     Trade West re-alleges and incorporates by reference paragraphs 1 through 47 above as if fully set forth herein.

49.     Defendants' actions and conduct constitute deceptive trade practices under Haw. Rev. Stat. § 481A-3 because they cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods, and/or as to affiliation, connection, or association with or certification by another or Trade West and/or other likelihood of confusion or of misunderstanding, entitling Trade West to damages, profits, and injunctive relief because irreparable harm is likely to continue unless restrained and enjoined by the Court and because damages alone do not provide an adequate remedy.

## COUNT FOUR
(Common Law Unfair Competition, Palming Off, Trademark Infringement)

50.     Trade West re-alleges and incorporates by reference paragraphs 1 through 49 above as if fully set forth herein.

51.     Defendants' actions and conduct constitute palming off of their goods as Trade West's.

52.     Such actions and conduct constitute unfair competition under Hawaii common law.

53.     Defendants' conduct and actions in adopting and using the HIBISCUS AND FERN DESIGN mark in Hawaii constitute trademark infringement under Hawaii common law.

54.     Further irreparable harm and injury to Trade West, including but not limited to injury to goodwill and business reputation, are imminent as a result of Defendants' conduct and Trade West is without an adequate remedy at law, and Trade West is entitled to damages and injunctive relief.

## COUNT FIVE
(Unfair Competition and Practices under Haw. Rev. Stat. § 480-2)

55.     Trade West re-alleges and incorporates by reference paragraphs 1 through 54 above.

56.     Defendants' actions and conduct constitute unfair competition and practices under Haw. Rev. Stat. § 480-2 entitling Trade West to mandatory treble damages, and attorneys' fees.

## COUNT SIX
(Copyright Infringement)

57.     Trade West re-alleges and incorporates by reference paragraphs 1 through 56 above as if fully set forth herein.

58.    Since the registration of the aforementioned Copyrighted Designs, Trade West has continued to comply with provisions of the Copyright Act with respect to the copyrights and continues to be the sole proprietor of all right, title and interest in and to the Copyrighted Designs.

59.    Neither Trade West, nor anyone authorized by Trade West, has at any time licensed Defendants to reproduce, advertise, distribute, sell, exhibit, or otherwise deal in the Copyrighted Designs.

60.    Defendants have copied (including prepared derivative works based upon) Trade West's Copyrighted Designs (including those referenced herein and in the exhibits), and/or sold and/or distributed copies of (including derivative works based upon) Trade West's Copyrighted Designs (including those referenced herein and in the exhibits) to others.  Defendants have made and/or or sold and/or distributed artificial flower leis using designs that are substantially similar to some of the Copyrighted Designs.

61.    By reason of the foregoing, Defendants' conduct has infringed on Trade West's copyright rights in the Copyrighted Designs.

62.    Defendants' acts, as hereinabove alleged, are infringements of Trade West's copyright rights in the Copyrighted Designs and constitute willful acts of infringement.

63.     Defendants have continued to infringe said Copyrighted Designs and unless enjoined by order of this Court, will continue to infringe said copyrights, all to Trade West's irreparable injury.  Trade West is without an adequate remedy at law.  Trade West is entitled to injunctive relief restraining Defendants and their officers, agents and employees and all persons acting in concert with them, from engaging in further acts of copyright infringement.

64.     By reason of Defendants' aforesaid infringement of the Copyrighted Designs, Trade West has sustained and will continue to sustain substantial damages.

65.     Trade West is further entitled to recover from Defendants the damages sustained by Trade West as a result of Defendants' acts of copyright infringement as herein alleged.  Trade West is at present unable to ascertain the full extent of the monetary damages suffered by reason of Defendants' aforesaid acts of copyright infringement.

66.     Trade West is further entitled to recover from Defendants the profits Defendants have obtained as a result of their acts of copyright infringement.

67.     Trade West is alternatively entitled to recover from Defendants statutory damages in an amount up to $150,000.00 per Copyrighted Design that have been infringed upon.

## COUNT SEVEN
(Punitive Damages)

68.     Trade West re-alleges and incorporates by reference paragraphs 1 through 67 above.

69.     Upon information and belief, Defendants' use of the HIBISCUS AND FERN DESIGN mark in a manner confusingly similar to Trade West's Mark are willful, intentional, knowing, oppressive, and malicious.

70.     Upon information and belief, Defendants knew at the time they began using Trade West's Mark that the Mark belonged to Trade West and was associated with Trade West by the general public.

71.     Trade West is entitled to punitive damages from Defendants as a result of the foregoing.

WHEREFORE, Trade West prays for judgment as follows:

1.     That Defendants, Defendants' agents, subsidiaries, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, or under Defendants be enjoined and restrained during the pendency of this action, and thereafter perpetually:

(a)     from using the Trade West Mark or any reproduction, counterfeit, copy, or colorable imitation of any of said mark in connection with the manufacturing, distribution, advertising, offering for sale, or sale of artificial

flower leis not manufactured, authorized or distributed by Trade West;

      (b)    from using the Trade West Mark any reproduction, counterfeit, copy, or colorable imitation of any of said mark in any manner likely to cause confusion, to cause mistake or to deceive;

      (c)    from copying, distributing, displaying or preparing derivative works based on any of the Copyrighted Designs;

      (d)    from passing off, inducing, or enabling others to sell or pass off any artificial leis which are not entirely Trade West products as and for Trade West products;

      (e)    from committing any acts calculated to cause purchasers to believe that Defendants' products are Trade West products unless they are entirely such;

      (f)    from otherwise competing unfairly with Trade West in any manner;

      (g)    from possessing, advertising, receiving, shipping, delivering, distributing, holding for sale, returning, offering to sell or otherwise disposing of in any manner artificial leis falsely bearing the Trade West Mark or any reproduction, counterfeit, copy or colorable imitation of said mark or which bear said mark or any of the Copyrighted Designs and were imported into the United States without authorization from Trade West; and

(h)     from destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, catalogs, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale or distribution of any merchandise falsely bearing the Trade West Mark or any of the Copyrighted Designs.

2.     That Defendants be required to deliver for impoundment during the pendency of this action and thereafter to destroy any and all goods, catalogs, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other material in the possession of Defendants or under Defendants' control falsely bearing the Trade West Mark or any reproduction, counterfeit, copy, or colorable imitation of said mark.

3.     That Defendants be required to deliver for impoundment during the pendency of this action and thereafter to destroy any and all reproductions, counterfeits, copies, or colorable imitations of (including derivative works based upon) the Copyrighted Designs.

4.     That Defendants be required to deliver for impoundment all sales and customer journals, catalogs, notebooks, bank records, documents, and recordings of any type whatsoever concerning the same and also a complete list of

entities from whom Defendants purchased, and to whom Defendants distributed and/or sold products falsely bearing the Trade West Mark and/or any of the Copyrighted Designs, or any reproduction, counterfeit, copy, or colorable imitation of said mark or designs.

      5.    That Defendants be ordered to send written notice to each person or entity who has received from Defendants, or their respective agents, representatives, employees or servants, any artificial flower leis or artificial flowers or other products that infringe on the Trade West Mark and/or on any of the Copyrighted Designs, said notice to:  (a) request each such recipient to return all such items to Defendants; and (b) advise each such recipient that each such item is in violation of Trade West's rights to the Trade West Mark and the Copyrighted Designs.

      6.    That Defendants be ordered to pay all of the actual damages suffered by Trade West as a result of Defendants' infringement of the Trade West Mark and/or the Copyrighted Designs.

      7.    That Defendants be ordered to pay treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(b).

      8.    That Defendants be ordered to pay statutory damages up to $1,000,000 pursuant to 15 U.S.C. § 1117(c).

9.      That Defendants be ordered to pay all of the profits of Defendant that are attributable to its infringement of the Trade West Mark and/or the Copyrighted Designs that are not taken into account in computing Trade West's actual damages.

10.      That Defendants, for copyright infringement, be ordered to pay statutory damages in an amount up to $150,000.00 per Copyrighted Design that has been infringed upon.

11.      That Defendants pay to Trade West the fees and costs incurred herein, including attorneys' fees and costs.

12.      That Defendants pay to Trade West punitive, exemplary, or treble damages to which Trade West is entitled.

13.      That Trade West have such other and further relief as the Court may deem equitable.

DATED:  Honolulu, Hawaii, November 9, 2012.

CADES SCHUTTE
A Limited Liability Law Partnership

MILTON M. YASUNAGA
Attorneys for Plaintiff